UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, M.D., M.P.H., <br> *aka* Marie A. Faltas, *aka* Marie-Therese Assa ad-Faltas, <br> *aka* Marie Therese H. Assaad-Faltas, <br><br> Plaintiff, <br><br> vs. <br><br> The South Carolina Supreme Court, solely in its legislative capacity; and solely for injunctive relief; Charles Austin, in his official capacity as City Manager for the City of Columbia SC, ["the City" or "Columbia"]; Robert C. Coble in his official Capacity as Mayor for the City of Columbia, SC; Officers Sellers, Gordon, Dietz, Beddingfield, and Anderson in their official capacities as police officers for Columbia; Gwendolyn Bouie in her official capacity as agent for Columbia; Christa Bell and Overture Walker in their official capacities as Assistant Attorneys for the City; Tameka Isaacs Devine in her official capacity as member of City Council for the City of Columbia, SC and the other Council members in that capacity; James Meggs and Kenneth Gaines in their official capacities as City Attorneys for the City; Dana M. Thye and Robert G. Cooper, individually and officially as Assistant Attorneys for the City; unknown-named agents of the City in their respective official capacities, <br><br> Defendants. | C/A No. 3:09-0507-TLW-JRM <br><br><br><br><br><br><br><br> **Report and Recommendation** |

### *Background of this Case*

The plaintiff is a resident of Columbia, South Carolina. The plaintiff has submitted a civil rights action concerning the City of Columbia's front-yard parking ordinance and the plaintiff's reversed convictions for shoplifting and malicious injury to property.

1

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional

3

basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Although the plaintiff states that she is suing the Supreme Court of South Carolina in its legislative capacity, it is readily apparent that she is complaining about a judicial decisions rendered by the Supreme Court of South Carolina, the Court of Appeals of South Carolina, the Circuit Court for Richland County, and the Municipal Court for the City of Columbia. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[3] The entity known as the South Carolina

---

[3]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of
(continued...)

4

Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

The courts of the State of South Carolina's unified judicial system — including the Supreme Court of South Carolina and the Municipal Court for the City of Columbia — have Eleventh Amendment immunity in an action for damages. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The plaintiff appears to have drafted her pleading to come within "injunctive relief" exception to the Eleventh Amendment. *Frew ex. rel. Frew v. Hawkins*, 540 U.S. 431 (2004) (Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law). Although the Eleventh Amendment does not bar actions for injunctive relief, this case is barred by case law prohibiting federal district courts, in non-habeas cases, from reviewing decisions issued by state courts. Although the application of the *Rooker-Feldman*

---

(...continued)
ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

doctrine[4] has been limited in recent cases, *see, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), and *Davani v. Virginia Dept. of Transportation*, 434 F.3d 712 (4th Cir. 2006), it is well settled that appeals of orders issued by lower state courts must go to a higher state court.  Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal.  28 U.S.C. § 1257.  In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors.  *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), *reversing Bazzle v. Green Tree Financial Corp.* 351 S.C. 244, 569 S.E.2d 349 (2002); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), *reversing* 304 S.C. 376, 404 S.E.2d 895 (1991); *In Re Primus*, 436 U.S. 412, 432-39 (1978), *reversing In Re Smith*, 268 S.C. 259, 233 S.E.2d 301 (1977)(*per curiam*); *Edwards v. South Carolina*, 372 U.S. 229 (1963), *reversing State v. Edwards*, 239 S.C. 339, 123 S.E.2d 247 (1961); and *Murray v. Charleston*, 96 U.S. 432, 443-49 (1878), *reversing Jenkins v. Charleston*, 5 S.C. 393 (1874).  *Cf. Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*).  In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to

---

[4]*See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Supreme Court review." *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); and *Robart Wood & Wire Products v. Namaco Industries, Inc.*, 797 F.2d 176, 178 (4th Cir. 1986).

The members of the Columbia City Council, including the Mayor of Columbia, are immune from suit with respect to the enactment of the front-yard parking ordinance. *See Bogan v. Scott-Harris*, 523 U.S. 44 (1998) (legislators at all levels of government are entitled to immunity for "legislative activities"); *Tenney v. Brandhove*, 341 U.S. 367 (1951); and *Haskell v. Washington Township*, 864 F.2d 1266, 1277 (6th Cir. 1988) ("legislators of any political subdivision of a state are absolutely immune from liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity"). *See also Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 403 (1979) (legislative immunity extends to "regional" legislatures); and *Rabkin v. Dean*, 856 F. Supp. 543, 546 (N.D. Cal. 1994). Furthermore, a federal district court may not ask present or former members of legislative bodies why they passed or did not pass a particular statute, or why they authorized funds for one purpose and did not authorize funds for another purpose. *South Carolina Education Association v. Campbell*, 883 F.2d 1251 (4th Cir. 1989). *Cf. Sea Cabin on Ocean IV Homeowners Association v. City of North Myrtle Beach*, 828 F. Supp. 1241, 1242 n. 1 (D.S.C. 1993).

The municipal prosecutors are immune from suit for activities in or connected with judicial proceedings, such as the plaintiff's criminal trial on the shoplifting charge. *See Van de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

Moreover, prosecutorial immunity will extend to any direct appeal. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-15 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-69 & nn. 3-4 (7th Cir. 1992). Hence, even though the plaintiff later prevailed on appeal with respect to her shoplifting charge, the municipal prosecutors are immune from suit.

This civil action is not maintainable as a habeas corpus action because the plaintiff is not "in custody." An individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); and *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. Vallee*. *See also Garlotte v. Fordice*, 515 U. S. 39 (1995).

Although the plaintiff states that her shoplifting conviction was finally resolved in her favor on February 29, 2008,[5] the complaint indicates that the plaintiff has settled her claims against Wal-Mart. *See* Complaint, at page 6, ¶ 33. Although the plaintiff received a favorable termination of her shoplifting conviction case,[6] which arose out of an incident in November of 2001, her claims of false

---

[5] It is not clear from the complaint whether the plaintiff was acquitted on retrial or whether the City of Columbia elected not to prosecute on retrial.

[6] Although the plaintiff's conviction for shoplifting was initially affirmed on direct appeal, *City of Columbia v. Assa'ad-Faltas*, Opinion No. 2005-UP-143 (S.C.Ct.App., March 1, 2005), the Municipal Court for the City of Columbia later granted the plaintiff's motion for new trial because evidence was presented showing discrepancies relating to the photograph submitted at trial. The municipal prosecutors appealed the grant of the new trial. The Circuit Court reversed the Municipal
(continued...)

(...continued)
Court, but the plaintiff successfully appealed to the South Carolina Court of Appeals. *See City of Columbia v. Assa'ad-Faltas,* Opinion No. 2007-UP-193 (S.C.Ct.App., April 26, 2007):

> It is well-settled that the granting of a new trial based upon after-discovered evidence is addressed to the sound discretion of the trial court once the movant has made the requisite showing that the new evidence: (1) would likely change the result if a new trial were granted; (2) was discovered since the trial; (3) could not have been discovered prior to trial by the exercise of due diligence; (4) is material to the issue of guilt or innocence; and (5) is not merely cumulative or impeaching. [*State v. Caskey*, 273 S.C. 325, 256 S.E.2d 737 (1979)] Caskey, 273 S.C. at 329, 256 S.E.2d at 738-39; see State v. Pierce, 263 S.C. 23, 31, 207 S.E.2d 414, 418 (1974) (noting that whether to grant a new trial based upon after-discovered evidence is within the trial court's discretion).
>
> At the new trial hearing, Faltas: submitted a digital enlargement of the photograph from trial; provided examples of Wal-Mart's 2002 copyrighted "New Item" stickers that were similar to the ones in the photograph; provided UPC codes from paper folders; described where the photograph was taken; and described the differences between the folders based on either angled or rounded edges or lack of outer clasps or prongs. Faltas alleged that this evidence derived from the original photograph proved that the two Wal-Mart employees either were mistaken or that they fabricated their testimony and the photograph well after the date of her arrest. Faltas's attorney also testified that, despite his repeated requests to see the photograph prior to trial, it was not provided to him.
>
> The municipal court was convinced that the digital enlargement of the photograph, and the evidence that was obtained as a result of the digital enlargement, constituted after-discovered evidence because Faltas was denied access to the photograph by the City. Thus, despite her attorney's efforts to gain access to the photograph, Faltas could not have made the enlargement until after she was given access to the photograph after trial. On appeal, the circuit court reviewed each piece of evidence introduced at the new trial hearing and made findings as to whether each piece of evidence was believable or supported the theory Faltas used it for. The circuit court then performed a new analysis of the evidence pursuant to Caskey. This

(continued...)

9

arrest are time barred because of the intervening decision of the Supreme Court of the United States in *Wallace v. Kato*, 549 U.S. 384 (2007) (*Heck v. Humphrey*, 512 U.S. 477 (1994), not applicable to pre-trial detainees raising false arrest claims; statute of limitations begins to run, on claims for false arrest and false imprisonment, from the time a plaintiff becomes detained pursuant to legal process).[7] Moreover, under *Wallace v. Kato*, the plaintiff's false arrest claims relating to the

---

(...continued)

>was error. Whether or not the circuit court agreed with the factual findings made by the municipal court, there was evidence presented at the new trial hearing to support the factual findings and the circuit court was bound by them.
>
>Thus, looking at the evidence, it was irrelevant that the circuit court would have ruled differently from the municipal court. The circuit court was bound by the municipal court's factual findings and the inferences to be drawn therefrom. Its power was limited to determining whether the municipal court made an error of law in granting the new trial, based on the facts as found by the municipal court. Because there were facts to support the municipal court's legal analysis of the new trial motion, we find the circuit court erred in reversing the grant of the motion for a new trial. We are likewise bound by the municipal court's factual findings and must employ the same scope of review as the circuit court was bound to employ. Applying this scope of review, we find there was evidence to support the municipal court's findings, and thus, the municipal court did not abuse its discretion in granting the new trial motion.

[7]In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to

(continued...)

misdemeanor charge of malicious injury to property, which the plaintiff states was resolved in her favor on April 1, 2002, are also untimely.

*Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").   The plaintiff's attention is directed to the important Notice on the next page.

March 4, 2009  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

---

(...continued)  
anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants.  *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), *citing Todd v. Baskerville*, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.")(citation omitted).

11

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).